Michael R. Spaan, Esq.
mspaan@pattonboggs.com
PATTON BOGGS LLP
601 West Fifth Avenue, Suite 700
Anchorage, Alaska  99501
Telephone:  907-263-6300
Facsimile:  907-263-6345

*Attorneys for Ralph E. Whitmore, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity as an instrumentality and agency of the United States,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RALPH E. WHITMORE, JR., et al.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 3:92-cv-00060-HRH |

## MEMORANDUM IN SUPPORT OF
## MOTION TO ENFORCE SETTLEMENT AGREEMENT

On April 24, 2002, Ralph and Nancy Whitmore ("Whitmore") and the Federal Deposit Insurance Corporation ("FDIC") entered into a Settlement and Release Agreement ("Agreement") thereby resolving the issues remaining in the above-captioned litigation, after the above-captioned action occupied the federal docket for almost a decade.  A true and correct copy of the Agreement is attached to the Affidavit of Ralph Whitmore as Exhibit A.

The key terms of the Agreement are as follows:

- Whitmores pay the FDIC $100,000 within 30 days.

- Whitmores pay the FDIC $150,000 within 180 days.

47599v1

- Whitmores sell remaining drilling pipe and pay the FDIC 50% of the Net Sale Proceeds over $700,000 as defined in the Agreement (Sec. 1, ¶¶ 5, 9).

- As set forth in the Court's order and Settlement Agreement, Whitmores permitted to receive monthly living and business expenses while marketing the Pipe as permitted under the Preliminary Injunction (Sec. 1, ¶ 13).

This Court approved the settlement and retained jurisdiction over this action on May 21, 2002. (Whitmore Affidavit, Exhibit B.)

Whitmore paid the FDIC $100,000 within 30 days and later paid $50,000 of the second payment. Marketing the Pipe took longer than expected, but by August 1, 2005, Whitmore had succeeded in selling all of it. Affidavit of Ralph Whitmore, ¶ 3.

On October 11, 2005, Whitmore, through counsel, wrote a letter to Roy Ahrens, FDIC Senior Counsel, with whom the Agreement had been originally negotiated. In that letter, Whitmore advised that all the Pipe had been sold, that the net proceeds had not exceeded the $700,000 limit specified in the Agreement. Whitmore further advised that he had delivered a check for the remaining $100,000 to his attorneys for tender to the FDIC conditioned upon the FDIC's confirmation that all obligations under the Agreement had been discharged. A true and correct copy of the letter to Roy Ahrens is attached to the Whitmore Affidavit as Exhibit C.

Over three months later, after several phone calls to the FDIC, Whitmore finally received a response from the FDIC through its local counsel, Perkins Coie. Affidavit of Michael R. Spaan. A true and correct copy of the FDIC response, dated January 13, 2006, is attached to the Whitmore Affidavit as Exhibit D. In that response, the FDIC asked for documentation of the Pipe sales and the related revenue and expenses that had already been provided to the FDIC on a monthly basis as ordered by the Court. The FDIC never objected to any expense items. On

February 3, 2006, Whitmore provided extensive documentation of the Pipe sales and related revenue and expenses to the FDIC. A true and correct copy of Whitmore's February 3, 2006 letter is attached to his Affidavit as Exhibit E.

Over a month has now passed without an agreement with the FDIC despite phone calls and a meeting with FDIC local counsel. Whitmore is an elderly man who, unfortunately, does not enjoy good health. Simply put, he cannot wait indefinitely to resolve this matter, and the lack of resolution further inhibits his ability to conduct business and to otherwise earn a living for he and his wife, who is also in poor health. It has been five months since Whitmore first contacted the FDIC and he still has not been able to arrive at a settlement. Counsel does not contend that local counsel for the FDIC is acting in anything but a professional and good faith manner, but feels that the Court's intervention is needed to expeditiously resolve this log jam and allow Mr. Whitmore to earn a living. Until there is a resolution the restriction on Mr. Whitmore prevents him from effectively conducting his affairs.

Accordingly, Whitmore asks this Court to quickly and expeditiously grant a hearing, if the Court deems it necessary, or if not, to enter an order enforcing the terms of the Agreement as set forth in Whitmore's February 3, 2006 letter (Whitmore Affidavit, Exhibit E).

DATED this 7th day of March, 2006.

        PATTON BOGGS LLP
        Attorneys for Defendant Ralph E. Whitmore, Jr.

        By:   s/Michael R. Spaan
            Michael R. Spaan
            PATTON BOGGS LLP
            601 W. 5th Avenue, Suite 700
            Anchorage, Alaska 99501
            Tel: (907) 263-6310
            Fax: (907) 263-6345
            Email: mspaan@pattonboggs.com
            Alaska Bar No. 7305026

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of March, 2006, a copy of the foregoing document to be served electronically on the following:

**James N. Leik**
Perkins Coie LLP
1029 W. 3rd Ave., Suite 300
Anchorage, Alaska 99501
jleik@perkinscoie.com


By:     s/Gloria Bullock
        Legal Secretary/Assistant
        PATTON BOGGS LLP