

RECEIVED
JAN 17 2006
PATTON BOGGS LLP



James N. Leik
PHONE: 907.263.6923
EMAIL: jleik@perkinscoie.com

1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
PHONE: 907.279.8561
FAX: 907.276.3108
www.perkinscoie.com

January 13, 2006

Michael R. Spaan
Patton Boggs LLP
601 West 5th Avenue, Suite 700
Anchorage, Alaska 99501

**Re:   FDIC v. Whitmore**

Dear Mr. Spaan:

This letter responds to your letter of October 11, 2005 regarding the Settlement Agreement between the FDIC and Ralph and Nancy Whitmore.

As your letter indicates, a payment of $100,000 by the Whitmores is long overdue. This payment was due over three years ago, in November 2002. The FDIC will accept the payment of $100,000 now, but reserves its right to the payment of interest from November 2002 to present. In addition, the FDIC does not have sufficient information at this time to agree that the $100,000 payment constitutes full satisfaction of the Whitmores' obligations under the Settlement Agreement, and rejects any such condition attached to the proposed payment. Please advise if the Whitmores will tender payment without the "full satisfaction" condition.

The Settlement Agreement called for the sale of oil drilling pipe ("the Pipe"), consisting of approximately 29,193 feet of drilling pipe located in Veracruz, Mexico and Singapore, with a possible claim on an additional 1,354 feet. (See Settlement Agreement paragraph 2.) In order to evaluate the status of the Settlement Agreement, the FDIC requests the following information concerning the sale of the Pipe:

1)   Identification of all sales of Pipe. This identification must include the following:

    a.   date of each sale;

**Exhibit D**
**Page 1 of 2**

[10390-0020/AA060120.019]

Michael R. Spaan
January 13, 2006
Page 2

      b.    amount of Pipe sold in each sale;

      c.    full consideration paid or to be paid for the Pipe (including any non-monetary consideration (such as exchanges or trades) and including any consideration due or payable in the future.)

2)    Net Sale Proceeds for the Pipe, as defined in paragraph 9 of the Settlement Agreement. Please include a detailed, itemized list of any "cost of sale" items that you have deducted from the gross sale proceeds pursuant to paragraph 9 of the Settlement Agreement.

3)    A description of any Pipe that remains unsold, including the amount of Pipe and its current location.

Very truly yours,

*[signature]*

James N. Leik

cc:    Roy Ahrens, FDIC

[10390-0020/AA060120.019]                                                01/13/06

**Exhibit D**
**Page 2 of 2**